IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC BERTHIAUME,

    Plaintiff,

v.    Civil Action No. 3:19cv331–HEH

VIRGINIA DEPARTMENT OF HEALTH
and
M. NORMAN OLIVER, MD, MA,
Commissioner of Virginia Department
of Health, in his official capacity,

    Defendants.

## MEMORANDUM OPINION
### (Defendants' Motion to Dismiss)

Plaintiff, Eric Berthiaume, is an employee of the Virginia Department of Health ("VDH") who has cerebral palsy. According to the First Amended Complaint, he has limited mobility that requires the aid of a walker. He also struggles with fine motor skills, including carrying large stacks of paper files and assembling paper files into bradded binders by hand. (First Am. Compl. 1, ECF No. 7.) Plaintiff contends that despite "two EEOC charges and a prior lawsuit, VDH has failed to provide a reasonable, reliable accommodation for his disability." (*Id.*) As a consequence, Plaintiff filed the immediate lawsuit seeking injunctive relief and damages. It is presently before the Court

on Defendants' Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

Defendant VDH, an agency of the Commonwealth of Virginia, maintains that Plaintiff is precluded by a prior settlement agreement from reviving claims resolved conclusively in previous litigation. Alternatively, VDH contends that the First Amended Complaint fails to allege an actionable claim for failure to accommodate a disability because the job tasks he seeks to restructure are a central function particularly described in his work plan. (Defs.' Mem. Supp. Mot. Dismiss 1–2, ECF No. 13.)

Both parties have filed memoranda supporting their respective positions. The Court heard oral argument on October 29, 2019. Before analyzing the merits of the parties' arguments, some historical background is instructive.

Prior to acquiring his current position presently at issue, Plaintiff was a senior secretary in the VDH Office of Licensure Certification. Because of his inability to timely perform proper filing tasks, he received a substandard performance evaluation from his supervisor. Despite a note from his physician "describing his disability and explaining how it limited his production speed," (First Am. Compl. 9), he was subject to disciplinary action, culminating in a negative probationary progress review and probation period extension. Each adverse performance assessment focused on the slow pace of Plaintiff's document filing skills. According to the First Amended Complaint, subsequent

---

[1] Plaintiff also named as a Defendant M. Norman Oliver, MD, MA, in his official capacity as Commissioner of Virginia Department of Health. Dr. Oliver joined in the Motion to Dismiss. He and VDH will be collectively referred to as "Defendants."

communications from his physician describing his disability and requesting accommodations, such as a transfer to another job, were unavailing. (*Id.* at 11–12.) As a consequence of VDH's inaction, Plaintiff filed his initial lawsuit in this Court—Civil Action No. 3:16-cv-968 (the "2016 lawsuit").

In the 2016 lawsuit, VDH agreed to transfer Plaintiff to the Division of Acute Care Services. Plaintiff understood that as part of the agreement, his duties would be restructured to eliminate paper filing and replace that task with other duties. With this assurance, the 2016 lawsuit was dismissed with prejudice. Initially, Plaintiff's paper filing duties were eliminated. According to the First Amended Complaint, Plaintiff received assistance with paper filing tasks until the assigned employee was terminated in March 2019. (*Id.* at 17.) Plaintiff's subsequent request for further accommodation was denied. The immediate lawsuit followed.

Because it has jurisdictional implications, the Court must initially address VDH's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1). VDH contends that Plaintiff's claims replicate those resolved in the prior release and settlement agreement discussed above. VDH maintains that Plaintiff previously had a full and fair opportunity to litigate his claims. In support of its jurisdictional claim, VDH draws the Court's attention to Plaintiff's EEOC Charge of Discrimination referenced in his First Amended Complaint. In that context, Plaintiff claimed that he is "now being subjected to the same harassment and discrimination by the same people who caused me problems before." (Defs.' Mem. Supp. Mot. Dismiss, Ex. 5, ECF No. 13-5.) This Court is not convinced that Plaintiff's present claims are based on the same supporting facts.

3

A careful reading of Plaintiff's First Amended Complaint reveals that references to conditions underlying the prior litigation are contextual. It appears to be intended to provide background, not a free-standing claim. The historical reference is intended to demonstrate a continuing course of discrimination and lack of accommodation. Therefore, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) will be denied. The Court will turn next to Defendants' contention that the First Amended Complaint fails to state a plausible claim.

As required by Rule 12(b)(6), the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). To restate the time-honored standard, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Federal Rules of Civil Procedure and interpretative case law "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* However, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face." *Id.* at 555, 570 (citation omitted).

To survive Rule 12(b)(6) scrutiny, a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

Plaintiff's core claim is that VDH failed to provide him with a reasonable accommodation to enable him to perform the essential function of his position, namely serving as a resource for agency customers. Plaintiff maintains that moving large files and inserting papers into binders are merely incidental tasks. VDH disagrees, drawing the Court's attention to language in Plaintiff's job description, which includes filing functions.

Viewed in the light most favorable to Plaintiff, his claims of disability discrimination are more than adequate to survive Rule 12(b)(6) scrutiny. As the United States Court of Appeals for the Fourth Circuit noted in *Jacobs v. N.C. Administrative Office of the Courts*, "[n]ot all job requirements or functions are essential. A job function is essential when 'the reason the position exists is to perform that function.'" 780 F.3d 562, 579 (4th Cir. 2015) (quoting 29 C.F.R. § 1630.2(n)(2)). On the other hand, the

Court in *Jacobs* also noted that a pre-existing job description "shall be considered evidence of the essential functions of the job." *Id.* (quoting 42 U.S.C. § 12111(8)).

While Plaintiff has demonstrated a sufficiently plausible claim to advance his case to next the stage, whether filing duties are an essential function of his position must await the development of a more fulsome record. Defendants' Motion to Dismiss will therefore be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 13 2019
Richmond, VA